IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CLARK RUST,

        Plaintiff,

    v.

SGT. ANTONIO FERNANDEZ, et al.,

        Defendants.

Case No. 1:23-cv-00147-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff, an adult in custody at the Deer Ridge Correctional Institution("DRCI"), brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant.  Currently before the Court are several matters.

## I.    Plaintiff's Motion for Preliminary Injunction (ECF No. 26)

    Plaintiff seeks a preliminary injunction from this Court prohibiting Defendants from enforcing a June 2023 notice regarding the Oregon Department of Corrections ("ODOC") policy change related to the replacement of USB drives containing inmate legal materials and a now-retracted June 2023 ODOC all-institution memorandum pertaining to the storage of excess legal property.  Defendants object, arguing that neither issue is referenced in Plaintiff's operative pleading and Plaintiff has not exhausted the claims as required under the Prison Litigation Reform Act.  Defendants further argue that, in any event, Plaintiff cannot establish that he is

likely to succeed on the merits of his claims or that he will be irreparably injured without the relief requested.

### A.    Legal Standards

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the [moving party] is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).  To establish entitlement to a preliminary injunction, a plaintiff generally is required to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20.  "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

In the alternative, the Ninth Circuit recognizes that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. at 1132.  Thus, a court may enter a preliminary injunction "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Alliance for the Wild Rockies*, 632 F.3d at 1132).

Courts apply a more exacting standard when the moving party seeks a mandatory, as opposed to a prohibitory, preliminary injunction.  *See Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) ("In cases such as the one before us in which a party seeks mandatory

preliminary injunctive relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction") (citation omitted). Mandatory injunctive relief is disfavored, and should be denied at the preliminary injunction stage unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

Finally, where an individual in custody seeks a preliminary injunction or temporary restraining order with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).

### B.    Discussion

A plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).  "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted fully."  *Id.* (quotation marks omitted).  "Absent that relationship or nexus, the district court lacks authority to grant the relief requested."  *Id.*; *see also Saddiq v. Ryan*, 703 F.App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because the prisoner plaintiff did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

The claims underlying Plaintiff's motion for preliminary injunction are different from the claims underlying his First Amended Complaint.  There, Plaintiff alleges he was a legal assistant at Two Rivers Correctional Institution ("TRCI") who was transferred to the Warner Creek Correctional Facility ("WCCF") in retaliation for providing legal assistance to other adults in

custody.  By way of remedy, Plaintiff seeks money damages as well as injunctive relief in the

form of an order restraining Defendants from further retaliating against him, requiring

Defendants to restore Plaintiff to his legal assistant position, and enjoining Defendants from

"unlawfully impeding" Plaintiff's ongoing litigation in his state post-conviction proceeding.

Plaintiff further seeks an order requiring revision of the policies and procedures for training

ODOC law library staff and the use and services provided by ODOC law libraries.  Plaintiff's

motion, in contrast, seeks an order restraining Defendants from enforcing two institution-wide

policy changes against him, one relating to the issuance of new USB thumb drive storage

devices, and the other relating to limits on storage of legal materials.  Accordingly, the Court

lacks the authority to grant the preliminary injunctive relief that Plaintiff seeks.

Moreover, in response to Plaintiff's motion, Defendants submitted the Declaration of

DRCI's Law Library Coordinator, Mike Dubal, who has agreed that the requirement to replace

USB thumb drives will not be enforced against Plaintiff and that the DRCI Law Library will not

destroy or confiscate Plaintiff's thumb drive while this case is pending.  Dubal Declaration

("Dubal Decl.") ¶ 3, ECF No. 35.  As such, Plaintiff has not established that he will suffer any

harm, let alone a likelihood of irreparable harm, during the pendency of this action with respect

to the new ODOC thumb drive policy.  Likewise, as noted by Plaintiff himself in his motion, the

memorandum regarding excess legal file storage was retracted and the limits set forth therein are

not currently in force.  Thus, the injunctive relief sought by Plaintiff is based upon his

speculation that the policy may be reinstated in the future, which is insufficient to establish a

likelihood of irreparable injury.  *See Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668,

675 (9th Cir. 1988) (a threat of harm is not imminent if it is based on remote possibilities or

speculation).  Accordingly, Plaintiff's Motion for Preliminary Injunction must be denied.

## II.     Plaintiff's First Motion to Compel Discovery (ECF No. 36)

Plaintiff seeks an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Defendants to respond to his Request for Production of documents.  As an initial matter, the Court notes that Plaintiff's motion does not comply with Local Rule 37-1, which provides that "[m]otions for an order compelling an answer, designation, production, or inspection must provide only the pertinent  . . .  request . . . including any pertinent responses and/or objections."  Plaintiff sets out his requests along with legal arguments, but does not set forth Defendants' responses.  Because Defendants have done so in response to Plaintiff's motion, and in the interest of moving this case forward, the Court will overlook Plaintiff's omission and consider his motion on the merits.  Plaintiff takes issue with Defendants' responses and objections to Plaintiff's Request Nos. 1-7, 11, and 14-16.  The Court addresses each request individually.

### A.     Request No. 1

In Request No. 1, Plaintiff seeks "Emails, interoffice memorandums issued or received from Defendant Amy Wray between 4/1/2020 through current, that mention or discuss Plaintiff, or Plaintiff's activities in the TRCI, or WCCF Law Libraries."  Defendants agreed to produce all non-privileged emails or memos in Defendant Wray's possession that relate to Plaintiff's claims in this case and that can be identified through a reasonable means of search, excluding any that are confidential for reasons of institutional security (in which case Defendants have stated that they will give Plaintiff an explanation about any such confidential documents so that he may challenge them as appropriate).  This is an adequate response to Plaintiff's request; he is not entitled to documents that are protected by the attorney-client privilege.

**B.      Request No. 2**

In Request No. 2, Plaintiff seeks "Chronos/Kronos notes created regarding the Plaintiff, between 4/1/2020 and 2/17/2023, regarding law library, or legal activities of the Plaintiff, or Plaintiff's investigation by Special Investigation Unit (SIU)."  Defendants agreed to produce all chrono entries for the stated time period, excluding any that are confidential for reasons of institutional security (in which case Defendants have stated that they will give Plaintiff an explanation about any such confidential entries so that he may challenge them as appropriate). Defendants' response to Request No. 2 is adequate, and the Court will not order any further production.

**C       Response No. 3**

In Request No. 3, Plaintiff seeks "Officer Dick Moore's (SIU) investigative reports pertaining to the Plaintiff, and his activities or involvement in the WCCF Law Library."  Plaintiff appears to seek information about an SIU investigation that Inspector Richard Moore opened to investigate allegations of potential staff misconduct; neither Moore nor the staff member investigated are defendants in this action.  Defendants agree to provide Plaintiff with the portion of Moore's SIU investigation summarizing his conversation with Plaintiff about the investigation, but contend that, apart from that summary, the SIU report is confidential for reasons of institutional security.  The Court agrees, and will not compel disclosure of the SIU investigation beyond the summary of Moore's conversation with Plaintiff.

**D.      Request No. 4**

In Request No. 4, Plaintiff seeks "Office of Population Management transfer orders (aka 1206) created on or around April 2022 regarding Plaintiff's transfer to WCCF, which were

ultimately executed on 7/28/2022, transferring Plaintiff to WCCF."  Defendants have produced the record responsive to this request.  No further production is required.

### E.    Request No. 5

In Request No. 5, Plaintiff seeks "Emails, memorandums, chat/instant messaging logs, discussing Plaintiff leading up to the Plaintiff's transfer request in April 2022, between Defendants named in the complaint as well as Jane/John Does (suspected to be Captain Enriquez at TRCI, and Lt. Robinson, as well as Officer Nielson, Pollard, or Captain Archer)."  Defendants have agreed to produce all emails or memos in Defendants' possession that relate to Plaintiff's transfer to WCCF in July of 2022 that can be identified through a reasonable means of search, excluding any that are confidential for reasons of institutional security (in which case Defendants have stated that they will give Plaintiff an explanation about any such confidential documents so that he may challenge them as appropriate).  Defendants' response to Request No. 5 is adequate, and the Court will not order any further production.

### F.    Request No. 6

In Request No. 6, Plaintiff seeks "Emails, instant messaging logs/transcripts, between Jolie Murphy and Amy Wray or Tasha Hickey regarding Plaintiff between 7/1/2022 through 2/16/2023."  Defendants have agreed to produce all non-privileged emails or messages in Defendant Wray's, Defendant Murphy's, or Defendant Hickey's possession that relate to Plaintiff's law library work assignments for the stated time period and that can be identified through a reasonable search excluding any that are confidential for reasons of institutional security (in which case Defendants have stated they will give Plaintiff an explanation about any such confidential documents so that he may challenge them as appropriate).  Defendants' response to Request No. 5 is adequate, and the Court will not order any further production.

### G.    Request No. 7

In Request No. 7, Plaintiff seeks "Emails, instant messaging logs/transcripts, between Aubrie Miller and Amy Wray or Tasha Hickey between 7/1/2022 through 2/16/2022." This request, for **all** communications among these Defendants regardless of subject matter is overly broad and unduly burdensome. Given that Defendants have appropriately responded to Request No. 6 as set forth above, the Court will not order any further production in response to Plaintiff's Request No. 7. *See Brook v. Carey*, 352 F. App'x 184, 185-86 (9th Cir. 2009) (district court properly denied plaintiff's motion to compel discovery of "[a]ny and all grievances, complaints, or other documents received by the defendants . . . concerning mistreatment of inmates" as overbroad, immaterial to the plaintiff's particular circumstances, and overly burdensome to defendants").

### H.    Request No. 11

In Request No. 11, Plaintiff seeks "Video Camera footage of the WCCF Law Library on 1/31/2023 and 2/9/2023." This request, which Plaintiff argues is necessary "to identify the culprit of Plaintiff's USB thumb drive intrusions on 1/31/2023," is overly burdensome. The Court will not require Defendants to review 48+ hours of video footage in the hopes of capturing what specific USB thumb drive any given user possessed or used at a particular time during that period.

### I.    Request No. 14

In Request No. 14, Plaintiff seeks "Emails, interoffice memorandums, or instant messaging/chats between Tasha Hickey, Amy Wray, and EOCI Coordinator Johnson or WCCF Havely between 1/13/2023 and 2/16/2023." For the same reasons discussed above regarding

Plaintiff's Request No. 7, Defendants' objections to Request No. 14 are well-taken and the Court will not order production.

### J.    Request No. 15

In Request No. 15, Plaintiff seeks "Emails, interoffice memorandums, or instant messaging/chats between Amy Wray, and WCCF Superintendent Jeremey Beaumont on or around Plaintiff's transfer to DRCI, between 1/13/2023 and 2/16/2023." For the same reasons discussed above regarding Plaintiff's Request No. 7, Defendants objections to Request No. 15 are well-taken and the Court will not order production.

### K.    Request No. 16

In Request No. 17, Plaintiff seeks "Emails, interoffice memorandums, or instant messaging/chats between Amy Wray, or Tasha Hickey, or Aubrie Miller to WCCF CRM Manager Stancliff regarding Plaintiff between October 1, 2022 and 1/13/2023." In their response to this request, Defendants agreed to provide documents for the stated time period that can be identified through a reasonable search excluding any that are confidential for reasons of institutional security (in which case Defendants have stated that they will give Plaintiff an explanation about any such confidential documents so that he may challenge them as appropriate). [1] Defendants' original response to Request No. 16 is adequate, and the Court will not order any further production.

---

[1] In their response to Plaintiff's Motion, Defendants incorrectly characterize this request as seeking **all** communications, regardless of subject. Because it appears this was inadvertent and that the actual response to the original request was appropriate, the Court need not order further production.

### III.    Plaintiff's Second Motion to Compel Discovery (ECF No. 61)

In Plaintiff's Second Motion to Compel Discovery, he takes issue with Defendants' responses and objections to Requests No. 1-3, and 5-6 in his second request for production. Each request is addressed below.

#### A.    Request No. 1

In Request No. 1, Plaintiff seeks "Emails and Instant Messages between Defendant Miller and Ms. Cobian (WCCF Grievance Coordinator) discussing Plaintiff between October 1, 2022, and January 13, 2023, obtained through a reasonable means of search." Defendants responded that no responsive documents exist. In Declarations submitted in support of their response to Plaintiff's motion, Defendants explained their attempts to locate any documents responsive to this request, and these explanations are sufficient.

#### B.    Request No. 2

In Request No. 2, Plaintiff seeks "All ODOC Internal Law Library policies and procedures issued since 2020 (Not the OARs) regarding the use of Removable Media Devices (RMD) and Usage Agreements for Adults-In-Custody in the possession or control of Defendant Wray, Miller or Hickey." In response to this request Defendants provided a copy of Plaintiff's 2/21/2023, Removable Media Use Acknowledgment Statement, and objected that the request was otherwise overbroad to the extent it encompassed other AIC's signed usage agreements. The Court agrees, and will not order any further production regarding this request.

#### C.    Request No. 3

In Request No. 3, Plaintiff seeks "All 'Correctional Services Division' Memorandums/ Notice (similar to FAC Exhibit 1) issued to Law Library Coordinators since March 2022 until current, obtained through a reasonable means of search." Defendants provided Plaintiff eCourt

Memo Effective 4-20-22 as the only document responsive to Plaintiff's specific example included in his Amended Complaint.  This response is sufficient, and the Court will not order any further response.

      **D.**    **Request No. 5**

In Request No. 5, Plaintiff seeks "Transfer orders (aka 1206) created on or around Jan – Feb 2023 regarding the Plaintiff's transfer to DRCI, which were ultimately executed on 2/16/2023, transferring Plaintiff to DRCI."  Defendants (albeit inadvertently) provided Plaintiff a copy of the only Transfer Request executed during that time frame.  The Court will not order any further response.

      **E.**    **Request No. 6**

In Request No. 6, Plaintiff seeks "Emails generated by any of the Defendants . . . to the WCCF MDT (Multi-Disciplinary Committee) members between October 1, 2022, and 1/13/2023, regarding the Plaintiff, and/or his transfer to DRCI or work performance  between October 1, 2022, and January 13, 2023, obtained through a reasonable means of search."  Defendants responded that no responsive documents exist.  In declarations submitted in support of their response to Plaintiff's motion, Defendants explained their attempts to locate any documents responsive to this request, and these explanations are sufficient.

**IV.**   **Plaintiff's Third Motion to Compel Discovery (ECF No. 67)**

In his Third Motion to Compel Discovery, Plaintiff takes issue with Defendant Audrie Miller's responses to Interrogatory Nos. 4-67, 8-10, 16, and 18-20 propounded by Plaintiff in his first set of interrogatories directed to Defendant Miller.  Each is addressed below.

**A.    Interrogatory No. 4**

Plaintiff's Interrogatory No. 4 asked, "Please describe all written training materials you received during your training as a WCCF Law Library Coordinator."  Defendant Miller responded, "Corrections Library Coordinator New Hire Training Binder, November 2022," and otherwise objected to the interrogatory as overbroad and implicating institutional security.  The Court finds this response is sufficient.

**B.    Interrogatory No. 5**

Plaintiff's Interrogatory No. 5 asked, "Were you directed or trained by either Amy Wray or Tasha Hickey to prohibit or otherwise not disclose information from Oregon's Ecourt/Oregon Judicial Case Information Network (OJCIN) Case Register System to Plaintiff or Adults in Custody?"  Defendant Miller responded, "Yes.  AICs have limited access to information on Ecourt/OJCIN."  The Court finds this response is sufficient.

**C.    Interrogatory No. 6**

Plaintiff's Interrogatory No. 6 asked, "Did you use Amy Wray's login information or access permission to use the Ecourt/OJCIN system at any time during your employment as a WCCF Law Library Coordinator?"  Defendants objected on the basis this request seeks information that is confidential for reasons of institutional security and not relevant to Plaintiff's claims and, without waiving those objections, Defendant Miller responded, "I used the login that was provided to all library coordinators."  The Court finds this response is sufficient.

**D.    Interrogatory No. 8**

Plaintiff's Interrogatory No. 8 asked, "Did Tasha Hickey or Amy Wray inform you to advise Plaintiff and AIC Robert Kappers not to assist in typing documents for AIC Patrons?"  Defendants objected on the basis that the request is an incomplete hypothetical and, without

waiving that objections, Defendant Miller responded, "No. I was informed to direct Plaintiff and AIC Kappers to not 'type' documents for other AIC patrons unless they were not capable of doing so themselves." The Court finds this response is sufficient.

### E.    Interrogatory No. 9

Plaintiff's Interrogatory No. 9 asked, "Please describe the verbal training you received from Tasha Hickey in 2022 when she arrived at WCCF in-person, on the dates listed in Request No. 7." Defendants objected to the extent the request seeks information that is confidential for reasons of institutional security and otherwise vague and overbroad; however, without waiving those objections, Defendant Miller responded, "Tasha Hickey reviewed the documents with me that were in the Corrections Library Coordinator New Hire Training Binder, November 2022." The Court finds this response is sufficient.

### F.    Interrogatory No. 10

Plaintiff's Interrogatory No. 10 asked, "Did Tasha Hickey or Amy Wray inform you in December 2022 that Plaintiff needed to contact the State Law Library to update the Fastcase system?" Defendants objected to this request as vague and, without waiving the objection, Defendant Miller responded, "I slightly recall a conversation with either Tasha Hickey or Amy Wray regarding the State Law Library but do not recollect what it was pertaining to." The Court finds this response is sufficient.

### G.    Interrogatory No. 16

Plaintiff's Interrogatory No. 16 asked, "Have you ever copied information or files from Plaintiff's USB Thumb Drive to your ODOC workstation while a WCCF Law Library Coordinator?" Defendants objected to this request as seeking information not relevant to

Plaintiff's claims for relief and, without waiving that objection, Defendant Miller responded, "No." The Court finds this response is sufficient.

### H.      Interrogatory No. 18

Plaintiff's Interrogatory No. 16 asked, "Did you have any meetings with Amy Wray, Tasha Hickey, or other ODOC Law Library Coordinators to discuss the operation of the WCCF Law Library?" Defendants object to this request as vague and overbroad. The Court finds this objection well taken, and will not order any further response.

### I.      Interrogatory No. 19

Plaintiff's Interrogatory No. 19 asked, "Regarding Request No. 18, please describe the dates of any meetings." Defendants objected to this request for the same reasons stated as to Interrogatory No. 18. As with that interrogatory, the Court finds this objection well taken, and will not order any further response.

### J.      Interrogatory No. 20

Plaintiff's Interrogatory No. 20 asked, "Please list a description of the agendas for all meetings held referenced in Request No. 18 and 19." Defendants objected to this request for the same reasons stated as to Interrogatory No. 18. As with that interrogatory, the Court finds this objection well taken, and will not order any further response.

## V.      Plaintiff's Request for Depositions (ECF No. 64)

Plaintiff seeks the Court's leave to depose three of the individual defendants (Amy Wray, Audrie Miller, and Tosha Hickey) and two non-parties (Jolie Murphy and AIC Robert Kappers). Plaintiff suggests that the depositions should be conducted via "Zoom" video conferences, and that a DRCI employee should serve as the officer for the depositions for the purposes of either

administering oaths or overseeing the depositions themselves.  Defendants object to Plaintiff's request.

Rule 30 of the Federal Rules of Civil Procedure provides that a party requesting a deposition "must state in the notice the method for recording the testimony.  Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. *The noticing party bears the recording costs*."  Fed. R. Civ. P. 30(b)(3)(A) (emphasis added).  Plaintiff's proposal would make the State of Oregon, through its ODOC employees and facilities, responsible for bearing the costs of his proposed depositions, in that his proposal relies upon ODOC employees to both administer the oaths and record the depositions "via Zoom."  Plaintiff is responsible for all costs associated with any deposition, including "'the necessary deposition officer fee, court reporter fee, and costs for a transcript.'"  *Brown v. Dias*, Case No. CV 17-598-RGK (KS), 2018 WL 6112552, at *2 (C.D. Cal. May 10, 2018) (quoting *Griffin v. Johnson*, Case No. 1:13-cv-01599-LIO-BAM (PC), 2016 WL 4764670, at *2 (E.D. Cal. Sept. 12, 2016).  Because Plaintiff's proposal does not comply with Rule 30, the Court declines to grant him "leave" to conduct the depositions as requested.

## VI.    Plaintiff's Motion for Sanctions, Leave to Amend, and Temporary Restraining Order (ECF No. 52)

Plaintiff moves for "sanctions, leave to amend, and temporary restraining order."  His motion is rooted in a misconduct report issued by DRCI law librarian Mike Dubal to another AIC, Hamza Jama, neither of whom are parties to this action.  Plaintiff asserts that the misconduct report establishes that Dubal was "illegally reading Plaintiff's files" on Plaintiff's thumb drive.  Plaintiff seeks money sanctions, a temporary restraining order enjoining Dubal from reading Plaintiff's electronic files without a warrant, and leave to amend to add Dubal as a defendant in this case.

### A.    Sanctions

Federal courts possess certain "inherent powers" not conferred by rule or statute that include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). Because the Court's inherent authority to sanction is an undelegated power, it "should be exercised with especial restraint and discretion." *Id*. at 1186 n.5. The bad faith at the heart of a sanction must involve either a party or a lawyer before the Court. *Fink v. Gomez*, 239 F.,3d 989, 991 (9th Cir. 2001). Because Dubal is not a party currently before the Court the Court denies Plaintiff's motion for sanctions.

### B.    Temporary Restraining Order

Plaintiff's request for a temporary restraining order suffers the same defect as his request for sanctions. He seeks injunctive relief against a non-party who is not named as a defendant and based on claims that are not alleged in his operative pleading. Accordingly, as discussed in greater detail in section I above, the Court cannot order the relief sought. *Pacific Radiation Oncology, LLC*, 810 F.3d at 633 ("A court's equitable power lies only over the merits of the case or controversy before it").

### C.    Leave to Amend

Plaintiff seeks leave to "amend" to add Dubal as a defendant in this case. Because any claims Plaintiff might allege against Dubal arise out of conduct that took place after Plaintiff filed this case, the appropriate means to add claims against him would be through a motion to supplement, rather than a motion to amend. *See* Fed. R. Civ. P. 15(d). Although leave to permit supplemental pleadings is generally favored, the Ninth Circuit has held that supplemental pleadings cannot be used to introduce separate, distinct, and new causes of action. *Planned*

*Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Supplemental pleadings "need not arise out of the same transaction," but at least "some relationship must exist between the newly alleged matters and the subject of the original action." *Keith v. Volpe*, 858 F.2d 4676, 474 (9th Cir. 1988).

Here, Plaintiff's amended complaint states claims related to an alleged retaliatory prison transfer. There is not a sufficient relationship between those claims and allegations about Dubal's alleged review of materials on his ODOC-issued thumb drive to allow a supplemental complaint. Accordingly, the Court denies Plaintiff motion for leave to amend.

## VII.   Plaintiff's Motion for Appointment of Counsel (ECF No. 65)

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Agyeman v. Corrections Corporation of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). While the Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, the Court evaluates "the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

In this action, Plaintiff has demonstrated sufficient ability to articulate his claims.  As noted above, the case involves allegations of retaliation and denial of access to the courts; the facts and legal issues involved are not of substantial complexity to necessitate appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel is denied.

## VIII.    Scheduling

The Court grants Defendants' Motion for Extension of Time (ECF No. 70).  Defendants' time to respond to Plaintiff's December 5, 2023 discovery requests is extended to February 21, 2024, discovery shall be completed in this action by March 25, 2024, and dispositive motions are due by April 23, 2024.  In light of this order, Plaintiff's Motion for Extension of Time for Court Imposed Deadlines (ECF No. 72) is moot.

The Court grants *nunc pro tunc* Defendants' Motions for Extension of Time (ECF Nos. 50, 53, 55, 62, 70, and 76) to file responses to Plaintiff's various motions and deems Defendants' responses timely filed.

The Court grants Defendant's Motion for Extension of Time (ECF NO. 79) to February 21, 2024, to file a response to Plaintiff's Motion for Preservation Order (ECF No. 78).

## IX.    Vexatious Litigation

Finally, it appears that Plaintiff has sought to comply with the rules of this court and for conducting discovery.  However, the progress of this case has been impeded by Plaintiff's frequent and voluminous filings.  The instant matters have required this Court's review of (and Defendants' response to) nearly a thousand pages of motions, declarations, and other filings. Such endeavors have been required throughout this case.  This action is not the only case before this Court, yet it has required a disproportionate amount of the Court's time, often to review motions that lack merit.  Plaintiff is formally cautioned that a litigant may suffer restricted access

to the court where it is determined that he has filed excessive motions in a pending action. *DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990); *see also Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Accordingly, if Plaintiff does not exercise appropriate restraint in the future, the Court will consider whether to restrict Plaintiff's access to the court for the remainder of this litigation.

## CONCLUSION

Based on the foregoing, IT IS ORDERED as follows:

1.    Plaintiff's Motion for Preliminary Injunction (ECF No. 26) is DENIED;

2.    Plaintiff's First Motion to Compel Discovery (ECF NO. 36) is DENIED, and Plaintiff's Motion to Extend Time to file a reply (ECF No. 50) is moot;

3.    Plaintiff's Motion for Imposition of Sanctions, for Temporary Restraining Order, and For Leave to Amend (ECF No. 52) is DENIED;

4.    Plaintiff's Second Motion to Compel (ECF No. 61) is DENIED;

5.    Plaintiff's Third Motion to Compel (ECF No. 67) is DENIED;

6.    Plaintiff's Motion for Appointment of Counsel (ECF NO. 65) is DENIED;

7.    Defendants' Motions for Extension of Time (ECF Nos. 53, 55, 62, 70, 76, and 79) are GRANTED, and Plaintiff's Motion for Extension of Time (ECF No. 72) is MOOT;

8.    Defendants shall respond to Plaintiff's December 5, 2023 discovery requests within 14 days, i.e., by February 21, 2024;

9.    Defendants shall file a response to Plaintiff's Motion for Preservation Order (ECF No. 74) within 14 days, i.e., by February 21, 2024;

10.    Discovery shall be completed by April 8, 2024; and

11.    Dispositive motions shall be filed by May 8, 2024.

12.     No replies to motions to compel are permitted pursuant to LR 26-3(c), which

states that "a movant many not file a reply supporting a discovery motion."

DATED this 7th day of February, 2024.


_____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge